# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

VICKIE ANN SWARTZBAUGH, et al.,           :

       Plaintiffs,                                  :          Case No.  3:05CV131

vs.                                                    :          District Judge Walter Herbert Rice
                                                                  Magistrate Judge Sharon L. Ovington
JUDGE WALTER H. RICE, et al.,            :

       Defendants.                               :

---

## REPORT AND RECOMMENDATIONS[1]

---

Plaintiff Vickie Ann Swartzbaugh and five other individuals, which she describes as "Plaintiffs/Hostages" and who appear to be Vickie Swartzbaugh's children, bring this case *pro se* against over 100 named defendants including, but not limited to, United States District Judge Walter Herbert Rice; various federal and state agencies; the United States Supreme Court, many state judges and attorneys; several banks and financial institutions; the YWCA; the Dayton, Ohio Bar Association; United States Congressmen Tony Hall and Mike Turner; several credit reporting agencies; the Dayton Daily News; and Sinclair Community College.

The Court previously granted Plaintiffs' Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiffs' Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Dockets.Justia.com

relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Plaintiffs' Complaint begins as follows:

Kidnapped [sic] twice, as failed ceremonial sacrifice '#CV9956232-19S endangerment, mentally-ill, incarcerated' under absolute control of principalities and powers in collusion... which control the evidence, testimony, documentation, interpretation, & enforcement of the law and obstruct justice via withholding, denying, or rejecting objections to their unconscionable court orders....  The Executive, Legislative, and Judicial control of life, liberty, and property, via 1996 to present Fed-State-Corp. Political-Legal-Police seizure of monies, properties, household goods, 4 children, and job/income while denied Public Defender/Legal Aide, I request waiver of fees and unbiased Constitutional representation of the humanity of my family by competent legitimate authorities of equal power whom to date have been shielded from the truth.

(Plaintiffs' Complaint at 1).  Plaintiffs next list their names and addresses, then allege as follows:

Prisoner #CV9956232-19S, 02-5332, & 20020384 trapped with ongoing Fed harassment for tax penalties/executed levies/threats of imprisonment for judicially frozen embezzled marital assets for unrecorded contrived debts & child support.

*Id.*  Plaintiffs next list the names and addresses of over 100 defendants.  Plaintiffs do not specifically state how any named defendant has caused them injury, and Plaintiffs do not state what relief they seek to obtain.

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

2

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court. 28 U.S.C. §1915(e)(2)(B)(ii-iii).

In the instant case, the Complaint is frivolous because it fails to contain an allegation sufficient to trigger some federal claim over which this Court has subject matter jurisdiction. The Complaint at best contains conclusory statements and at worst is a nonsensical diatribe against federal and state authorities and other individuals and entities both public and private. Construing the Complaint liberally in Plaintiffs' favor offers no assistance because even a liberal reading that favors Plaintiffs fails to reveal a violation of some federal law or right. The Complaint, moreover, is not signed in violation of Fed. R. Civ. P. 11(a).

Accordingly, Plaintiffs' Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B) as frivolous or malicious or because it fails to state a claim.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiffs Complaint be **DISMISSED**; and

2.    The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiffs leave to appeal *in forma pauperis*.  If so certified, Plaintiffs, non-prisoners, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

April 14, 2005

                          s/ Sharon L. Ovington
                          Sharon L. Ovington
                          United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).